C. Adam Buck (023128)
**THE FRUTKIN LAW FIRM, PLC**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ  85254
buck@frutkinlaw.com
(602) 606-9300
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC H. ADAMS, a married man,<br><br>           Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a North Carolina corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a California corporation; TRANS UNION LLC, an Illinois limited liability company,<br><br>           Defendants. | CASE NO.:<br><br>**COMPLAINT** |

COMES NOW the Plaintiff Eric H. Adams ("Adams"), by counsel and for his complaint against the Defendants alleges as follows:

**JURISDICTION**

1.   This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act).

2.   The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C. §1367.

3.   The Plaintiff is a natural person and resident of the State of Arizona. He is

1  a "consumer" as defined by 15 U.S.C. § 1681a(c).

2      4.    Upon information and belief, Defendant Equifax Information Services,
3  Inc. ("Equifax") is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f).
4  Upon information and belief, Equifax is regularly engaged in the business of assembling,
5  evaluating and disbursing information concerning consumers for the purpose of
6  furnishing consumer reports as defined in 15 U.S.C. §1681(d) to third parties.

7      5.    Upon information and belief Equifax disburses such consumer reports to
8  third parties under contract for monetary compensation.

9      6.    Upon information and belief, Experian Information Solutions, Inc.
10  ("Experian") is a "consumer reporting agency" as defined by 15 U.S.C. §1681(f). Upon
11  information and belief, Experian is regularly engaged in the business of assembling,
12  evaluating and disbursing information concerning consumers for the purpose of
13  furnishing consumer reports as defined in 15 U.S.C. §1681(d) to third parties.

14      7.    Upon information and belief Experian disburses such consumer reports to
15  third parties under contract for monetary compensation.

16      8.    Upon information and belief, Trans Union, LLC ("Trans Union") is a
17  "consumer reporting agency" as defined by 15 U.S.C. §1681(f). Upon information and
18  belief, Trans Union is regularly engaged in the business of assembling, evaluating and
19  disbursing information concerning consumers for the purpose of furnishing consumer
20  reports as defined in 15 U.S.C. §1681(d) to third parties.

21      9.    Upon information and belief Trans Union disburses such consumer reports
22  to third parties under contract for monetary compensation.

23      10.    Upon information and belief Defendant Bank of America, N.A. (BOA) is a
24  national bank, authorized to business in the State of Arizona as a consumer lender.
25  (hereinafter Equifax, Experian and Trans Union shall be collectively referred to as the
26  Credit Bureau Defendants)

27      11.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

28

482568.1

12. In 2004, Plaintiff Eric Adams purchased a home located at 11110 E. North Lane, Scottsdale, Arizona 85262 (the "Property") with a loan from OneWest Bank ("One West Mortgage").

13. In January 2006, Plaintiff Adams obtained a home equity line of credit through Bank of America ("BOA HELOC").

14. In May 2009, due to the severe economic recession, Plaintiff became delinquent on both the One West Mortgage and the BOA HELOC and subsequently lost the Property to foreclosure.

15. Pursuant to A.R.S. § 12-548, the statute of limitations for breach of contract is six (6) years.

16. The six year statute of limitations expired in May 2015.

17. Defendant Bank of America failed to initiate any legal action against Plaintiffs within that six year period and therefore, Plaintiffs have no legal obligation to pay the BOA HELOC ("Debt").

18. However, the Debt is still being reported on Mr. Adams' credit reports as a valid and current debt obligation in the amount of $138,142 that is 75 months past due (6 years and 3 months) (the "BOA representations").

19. Plaintiff Adams is no longer liable for the BOA HELOC based upon the statute of limitations.

20. Defendant BOA does not have the right to pursue any collection efforts or continue to report this as a valid debt since the statute of limitations has passed.

21. However, Defendants continue to report this erroneous and invalid information on Plaintiff Adams' credit reports. *See* **Exhibit 1.**

22. Defendant BOA is reporting derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

23. Plaintiff disputed the accuracy of the derogatory information reported by BOA to the Consumer Reporting Agencies Experian, Equifax and Trans Union via

482568.1

1  certified mail on August 6, 2015 and requested that the Defendants delete the erroneous
2  information. *See* **Exhibit 2**.
3    24. BOA responded with a letter stating that the information it provided to the
4  credit reporting agencies is accurate and refused to correct the error. It did not dispute
5  the dates asserted by Mr. Adams, nor did it refute with any details Mr. Adams' statute of
6  limitation analysis. It simply indicated that any further dispute should be taken up
7  directly with the credit reporting agencies.  *See* **Exhibit 3**.
8    25. Equifax responded by stating that they verified with BOA the accuracy of
9  the information it provided. *See* **Exhibit 4**.  It did not dispute the dates asserted by Mr.
10 Adams, nor did it refute with any details Mr. Adams' statute of limitation analysis.
11 Instead, it simply referred Plaintiff back to BOA to pursue his claim.
12   26. Experian responded by stating that they verified with BOA the accuracy of
13 the information it provided. *See* **Exhibit 5**.  It did not dispute the dates asserted by Mr.
14 Adams, nor did it refute with any details Mr. Adams' statute of limitation analysis.
15 Instead, it simply referred Plaintiff back to BOA to pursue his claim.
16   27. Trans Union also responded in similar fashion, stating that the information
17 contained in their credit report was "verified, no change." *See* **Exhibit 6**. It did not
18 dispute the dates asserted by Mr. Adams, nor did it refute with any details Mr. Adams'
19 statute of limitation analysis. Instead, it simply referred Plaintiff back to BOA to pursue
20 his claim.
21   28. Upon Plaintiff's request for verification and deletion, and in accordance
22 with its standard procedures, the Credit Bureau Defendants did not evaluate or consider
23 any of Plaintiff's information, claims or evidence and did not make any attempt to
24 substantially or reasonably verify the BOA representation.
25   29. In the alternative to the allegation that the Credit Bureau Defendants failed
26 to contact BOA, it is alleged that the Credit Bureau Defendants did forward some notice
27 of the dispute to BOA and BOA failed to conduct a lawful investigation.
28

482568.1

**COUNT ONE**
**Violations of the Fair Credit Reporting Act**
**15 U.S.C §1681 et seq.**
**(Credit Bureau Defendants)**

30. Plaintiff repeats, re-alleges and incorporates each and every allegation set forth above.

31. The Credit Bureau Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32. As a result of this conduct, action and inaction by the Credit Bureau Defendants, the Plaintiff has suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

33. The Credit Bureau's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from the Credit Bureau Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT TWO**
**Violations of the Fair Credit Reporting Act**
**15 U.S.C §1681 et seq.**
**(Credit Bureau Defendants)**

35. Plaintiff repeats, re-alleges and incorporates each and every allegation set forth above.

36. The Credit Bureau Defendants violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of

such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to BOA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

37.  As a result of this conduct, action and inaction of the Credit Bureau Defendants, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38.  The Credit Bureau Defendants' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

39.  The Plaintiff is entitled to recover costs and attorney's fees from the Credit Bureau Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT THREE**
**Defamation**
**(Bank of America)**

40.  Plaintiff repeats, re-alleges and incorporates each and every allegation set forth above.

41.  BOA published the BOA representations to the credit bureaus and through the credit bureaus to all of Plaintiff's potential lenders.

42.  The defamation was willful and with malice. BOA did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the BOA representations.

43.  BOA also had substantial evidence by which to have verified that the Plaintiff was not responsible for the account reported in the BOA representations.

44. BOA willfully determined to follow procedures which did not review, confirm or verify the validity of the debt.

45. Even if BOA would attempt to plead ignorance prior to August 6, 2015, once it received the letter from the Plaintiff disputing the debt, it had all the information with which to confirm that Plaintiff was not liable for the debt.

46. As a result of this conduct, action and inaction of BOA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

47. The defamation, conduct, action and inaction of BOA were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against BOA in an amount to be determined by the Court.

**COUNT FOUR**
**Violations of the Fair Credit Reporting Act**
**15 U.S.C §1681 et seq.**
**(Bank of America)**

48. Plaintiff repeats, re-alleges and incorporates each and every allegation set forth above.

49. BOA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to include the BOA representations within Plaintiff's credit file with the Credit Bureau Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the BOA representations; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureau Defendants.

50. As a result of this conduct, action and inaction of BOA, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

482568.1

51. BOA's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

52. The Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT FIVE
### Declaratory Relief

53. Plaintiff repeats, re-alleges and incorporates each and every allegation set forth above.

54. This claim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

55. A current controversy exists between Plaintiff Adams and Defendants as to the validity of the Debt with BOA HELOC, their respective rights, and corresponding obligations, duties, and responsibilities toward one another regarding the BOA HELOC after the foreclosure and expiration of the statute of limitations.

56. The Court should declare that Plaintiff Adams has no personal liability for the BOA HELOC after the expiration of the statute of limitations and that Defendants should not have reported any negative information from the BOA HELOC after the expiration of the statute of limitations.

57. All of the rights and obligations of the parties hereto arose out of what is actually one series of transactions, happenings or events, all of which can be settled and determined in a judgment in this one action.

58. Court intervention is required to resolve the controversy that exists between the parties.

THEREFORE, Plaintiff seeks the following relief:

A. A judgment against Defendants for willful or negligent noncompliance of the Fair Credit Reporting Act and the Fair Debt Collections Practices Act;

8

482568.1

B.  Statutory remedies as defined by 15 U.S.C. §1681n;

C.  An award of actual damages;

D.  An award of punitive damages;

E.  A judgment declaring that Plaintiff Adams has no liability for the BOA HELOC; and

F.  An injunction ordering Defendants to remove all negative credit reporting relating to the BOA HELOC.

DATED this 23rd day of September, 2015.

**THE FRUTKIN LAW FIRM, PLC**

s/ C. Adam Buck
C. Adam Buck
*Attorneys for Plaintiffs*

482568.1